Bear Wilner-Nugent, OSB #044549
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
Phone: (503) 351-2327
Fax: (503) 914-6665
Email: bwnlaw@gmail.com
Attorney for Petitioner Chris Darrell Joseph Sage

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CHRIS DARRELL JOSEPH SAGE, | No. 1:20-CV-_____ |
| Petitioner, | **PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. §2241)** |
| v. | |
| WILLIAM W. LOTHROP, Warden, FCI Phoenix, | |
| Respondent. | |

Petitioner Chris Darrell Joseph Sage, through counsel, respectfully petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. §2241, which is the sole route that remains open for petitioner to seek resentencing. In support of the petition, petitioner alleges the following facts. Petitioner further relies on his concurrently filed memorandum of law.

PETITION FOR WRIT OF HABEAS CORPUS – Page 1

## BACKGROUND

**1.**

In this court's case no. 1:13-CR-00100-PA (subsequently redesignated as case no. 1:13-CR-00100-MC), *United States v. Sage*, petitioner pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1), and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A)(viii).

**2.**

Petitioner had previously been convicted of unlawful manufacture of methamphetamine, in violation of *former* Or. Rev. Stat. §475.992, on or about February 6, 2003; unlawful possession of a precursor substance with intent to manufacture a controlled substance, in violation of Or. Rev. Stat. §475.967, also on or about February 6, 2003; unlawful manufacture of methamphetamine, in violation of Or. Rev. Stat. §475.886, on or about November 17, 2008; and two counts of assaulting a public safety officer, in violation of Or. Rev. Stat. §163.208, also on or about November 17, 2008.

**3.**

The court sentenced petitioner on or about May 14, 2014. Petitioner received sentencing enhancements pursuant to both the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e), and to the career offender provisions of the advisory Sentencing Guidelines, U.S.S.G. §§4B1.1-4B1.2. As a result, petitioner is serving a 240-month prison sentence.

**4.**

Petitioner seeks a writ of habeas corpus ordering him to be resentenced on the above convictions due to his actual innocence of the ACCA and career offender enhancements.

## PARTIES AND CUSTODY

### 5.

Petitioner is currently incarcerated and restrained of his liberty at FCI Phoenix in Phoenix, Maricopa County, Arizona. He was formerly a resident of Oregon.

### 6.

Respondent William W. Lothrop is the warden of FCI Phoenix, where Petitioner is currently incarcerated. Respondent is petitioner's immediate custodian, as the legal custodian of all inmates of FCI Phoenix.

### 7.

Petitioner is under the direct physical control of respondent.

## JURISDICTION AND VENUE

### 8.

This court has jurisdiction to hear this petition under 28 U.S.C. §2241 and 28 U.S.C. §2255(e), which states that in cases where the remedy provided by §2255 is "ineffective or inadequate," a person in custody may nevertheless apply for habeas corpus relief under §2241. Article I, Section 9, Clause 2 of the United States Constitution, which provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it[,]" is the ultimate source of jurisdiction to hear claims arising under §2241. Petitioner is in custody "in violation of … laws … of the United States[.]" 28 U.S.C. §2241(c)(3).

### 9.

Petitioner was sentenced in the District of Oregon. The challenge petitioner intends to

raise is not of a type contemplated by 28 U.S.C. §2255, because it turns on petitioner's actual innocence of the predicate procedural facts needed to apply sentence enhancements under the applicable statutes and advisory sentencing guidelines. Venue is appropriate in the District of Oregon because it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(b)(2). Petitioner designates this case as arising in the Medford Division, since that is where he was sentenced.

## UNLAWFULNESS OF PETITIONER'S SENTENCE

### 10.

Petitioner's sentence is the product of ACCA and career offender enhancements that are inapplicable under current law.

### 11.

As the law now stands, petitioner does not have the required three predicate convictions for "serious drug offense[s]" or "violent felon[ies]" to support a sentence enhancement under 18 U.S.C. 924(e)(1). Petitioner is actually innocent of that enhancement.

### 12.

Also, petitioner does not have the required two predicate convictions for "crime[s] of violence" or "controlled substance offense[s]" to support a sentence enhancement under U.S.S.G. §4B1.1, taking into account the courts' current interpretations of how those terms are defined in U.S.S.G. §4B1.2. As such, he is actually innocent of that enhancement.

### 13.

Petitioner pleaded guilty to the underlying offenses that led to his current federal sentence. He attempted to challenge the sufficiency of that plea on direct appeal, but was

unsuccessful. *United States v. Sage*, 609 Fed. Appx. 410 (9th Cir. 2015).

14.

Petitioner also previously attempted to challenge the status of his conviction for assaulting a public safety officer as a predicate offense. That motion, brought in the underlying federal criminal case under 28 U.S.C. §2255, was also unsuccessful. The motion was animated by the United States Supreme Court in *Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).

15.

After the denial of petitioner's Section 2255 motion became final, the Supreme Court decided *Shular v. United States*, 589 U.S. ___ , 140 S. Ct. 779, 206 L. Ed. 2d 81 (2020). This decision created a new rule relating to the interpretation of the Armed Career Criminal Act which modified the methodology for determining whether a particular offense qualified as a predicate offense for the purpose of applying an ACCA sentence enhancement. Under this rule, not all of petitioner's prior state offenses properly qualify for ACCA predicate status.

16.

Absent the savings clause in 28 U.S.C. §2255(e), with its cross-reference to 28 U.S.C. §2241, petitioner would have no recourse to test the legality of his detention post-*Shular*, because 28 U.S.C. §2255(h) makes no mention of an allowance for second or successive petitions based on new rules of statutory interpretation..

17.

In 2019, the Court of Appeals for the Ninth Circuit issued an opinion regarding the effects of mandatory state statutory sentencing guidelines in *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019). The rule of law in *Valencia-Mendoza* further undermines the

ACCA predicate status of petitioner's prior state offenses.

18.

Petitioner would be precluded from pursuing relief under *Valencia-Mendoza* by 28 U.S.C. §2255(h) if he is ineligible for Section 2241 relief.

19.

The above cited cases, together with the Due Process Clause of the Fifth Amendment, invalidate the ACCA and career offender enhancements to petitioner's sentence.

20.

But for the ACCA and career offender enhancements, petitioner's prison sentence would already have expired.

**PRAYER FOR RELIEF**

21.

For the foregoing reasons, as further elaborated in petitioner's memorandum of law, petitioner requests that the court enter a writ of habeas corpus vacating his sentence enhancements under the Armed Career Criminal Act and the career offender provisions of the advisory guidelines, and ordering that petitioner be resentenced.

RESPECTFULLY SUBMITTED November 16, 2020.

/s/ Bear Wilner-Nugent  
Bear Wilner-Nugent, OSB #044549  
Attorney for Petitioner Chris Darrell Joseph Sage